Fee Due

AO 241 (Rev. 09/17)

CLERK, U.S. DISTRICT COURT
JAN 30 2019
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: CENTRAL DISTRICT OF CALIFORNIA |
|---|---|
| Name (under which you were convicted): DAVID ZIMMER | Docket or Case No.: SA CV19-00176-JAK-GJS |
| Place of Confinement: Chuckawalla Valley State Prison | Prisoner No.: AD 9211 |
| Petitioner (include the name under which you were convicted) DAVID ZIMMER | v. | Respondent (authorized person having custody of petitioner) CHARLES W. CALLAHAN |
| The Attorney General of the State of: California | |

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   Orange County Superior Court, Santa Ana, California

   (b) Criminal docket or case number (if you know): 08ZF0031

2. (a) Date of the judgment of conviction (if you know): _____

   (b) Date of sentencing: 06/04/2010

3. Length of sentence: Life without parole

4. In this case, were you convicted on more than one count or of more than one crime?  ☑ Yes  ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case: First degree murder; ; special cir-
   cumstance murder committed during commission of robbery, and burglary

6. (a) What was your plea? (Check one)

   ☑ (1) Not guilty        ☐ (3) Nolo contendere (no contest)
   ☐ (2) Guilty            ☐ (4) Insanity plea

LODGED
CLERK U.S DISTRICT COURT
JAN 29 2019
CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

Page 2 of 16

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?  N/A

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury     ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes     ☑ No

8. Did you appeal from the judgment of conviction?

☑ Yes     ☐ No

9. If you did appeal, answer the following:

(a) Name of court:  California Court of Appeal, Fourth District Division Three

(b) Docket or case number (if you know):  G043990

(c) Result:  Affirmed

(d) Date of result (if you know):  09/09/2011

(e) Citation to the case (if you know):

(f) Grounds raised:  Do not know

(g) Did you seek further review by a higher state court?     ☑ Yes     ☐ No

If yes, answer the following:

(1) Name of court:  California Supreme Court

(2) Docket or case number (if you know):  Do not know

(3) Result:  denied

AO 241 (Rev. 09/17)

    (4) Date of result (if you know): _____

    (5) Citation to the case (if you know): _____

    (6) Grounds raised: _____

  (h) Did you file a petition for certiorari in the United States Supreme Court?  ☐ Yes  ☑ No

    If yes, answer the following:

    (1) Docket or case number (if you know): _____

    (2) Result: _____

    (3) Date of result (if you know): _____

    (4) Citation to the case (if you know): _____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?  ☑ Yes  ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

  (a)  (1) Name of court: **Orange County Superior Court**

    (2) Docket or case number (if you know): **See attached**

    (3) Date of filing (if you know): _____

    (4) Nature of the proceeding: **Habeas corpus**

    (5) Grounds raised: **Same as raised herein**

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐ Yes  ☑ No

    (7) Result: **Denied**

AO 241 (Rev. 09/17)

  (8) Date of result (if you know): _____

(b) If you filed any second petition, application, or motion, give the same information:

  (1) Name of court:   California Court of Appeal, Fourth District Division Three

  (2) Docket or case number (if you know):   See attached

  (3) Date of filing (if you know): _____

  (4) Nature of the proceeding:   Habeas corpus

  (5) Grounds raised:   Same as raised herein

  (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

  ☐ Yes   ☑ No

  (7) Result:   Denied

  (8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:

  (1) Name of court:   California Supreme Court

  (2) Docket or case number (if you know):   See attached

  (3) Date of filing (if you know): _____

  (4) Nature of the proceeding:   Habeas corpus

  (5) Grounds raised:

AO 241 (Rev. 09/17)

      (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

        ☐ Yes    ☑ No

      (7) Result:   Denied

      (8) Date of result (if you know):   12/12/2018

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

    (1) First petition:   ☐ Yes   ☑ No
    (2) Second petition:   ☐ Yes   ☑ No
    (3) Third petition:   ☐ Yes   ☑ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

There is no appeal of denial of habas corpus in California. The remedy is to file an original habeas petition in the court of appeal and the California Supreme Court which I did.

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** See attached Memorandum of Points and Authorities

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See attached Memorandum of Points and Authorities

(b) If you did not exhaust your state remedies on Ground One, explain why:   Remedies exhausted

AO 241 (Rev. 09/17)

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: Matters outside of the record on appeal required that issue be raised in a petition for writ of habeas corpus.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Habeas corpus

Name and location of the court where the motion or petition was filed: California Supreme Court

Docket or case number (if you know): S248278

Date of the court's decision: 12/12/2018

Result (attach a copy of the court's opinion or order, if available): Denied

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☑ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☑ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

California Supreme Court is highest state court.

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _____

**GROUND TWO:**   See attached Memorandum of Points and Authroities

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
See attached Memorandum of Points and Authorities

(b) If you did not exhaust your state remedies on Ground Two, explain why:   Remedies exhausted

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☑ No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:   Matters outside of record on appeal required the issue be raised on habeas corpus.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   Habeas corpus

Name and location of the court where the motion or petition was filed:   California Supreme Court

Docket or case number (if you know):   S248278

AO 241 (Rev. 09/17)

Date of the court's decision: 12/12/2018

Result (attach a copy of the court's opinion or order, if available): See attached

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:
There is no appeal of a denial of habeas corpus in California. Moreover, the California Supreme Court is the highest state court.

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two:

**GROUND THREE:** N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
N/A

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

(c) **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☐ No

    (2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☐ Yes ☐ No

    (2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

    (3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No

    (4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

    (6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____
_____
_____

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: _____
_____

**GROUND FOUR:** N/A _____
_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

N/A _____
_____
_____
_____
_____
_____
_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____
_____
_____

(c)  **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____
_____

(d)  **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

| | | |
|---|---|---|
| (3) Did you receive a hearing on your motion or petition? | ☐ Yes | ☐ No |
| (4) Did you appeal from the denial of your motion or petition? | ☐ Yes | ☐ No |
| (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? | ☐ Yes | ☐ No |

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____
_____
_____
_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: _____

_____
_____
_____

AO 241 (Rev. 09/17)

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?  ☑ Yes   ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: _____

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?  ☐ Yes   ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. _____

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?  ☐ Yes   ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

AO 241 (Rev. 09/17)

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: _____

_____

(b) At arraignment and plea: _____

_____

(c) At trial: Stuart Grant _____

_____

(d) At sentencing: Stuart Grant _____

_____

(e) On appeal: _____

_____

(f) In any post-conviction proceeding: Dennis Patrick O'Connell _____

_____

(g) On appeal from any ruling against you in a post-conviction proceeding: _____

_____

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   ☐ Yes   ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

_____

_____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?   ☐ Yes   ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

The prosecution suppressed exculpatory DNA evidence which the petitioner became aware of only after filing a post-conviction discovery motion pursuant Penal Code section 1054.9. The suppression of evidence violated (Brady v. Maryland, 373 U.S. 83(1963); Kyles v. Whitley, 514 U.S. 419(1995); Strickler v. Greene, 527 U.S. 263(1999); and Youngblood v. West Virginia, 126 S.Ct. 2188(2006). Moreover, the prosecution put on false testimony which it reasonably should have known was false. In withholding the

AO 241 (Rev. 09/17)

DNA analysis implicating the district attorney's witness as being involved in the murder, the prosecutor withheld the truth from the court, jury, and the defendant. Additionally, the California State Bar found in a DISCIPLINARY HEARING That petitioner's habeas corpus attorney committed professional misconduct in withholding the appellate record from the petitioner for nearly five(5) years without doing any significant work on petitioner's case. The habeas attorney held the record from May 31, 2011 Thru February 19, 2016. The State Bar found the attorney's unprofessional misconduct, egregious, and warranting disbarment. Upon receipt of the appellate record, from which testimony had to be reviewed, and other matters related to the issue raised in the current habeas corpus petition, the first petition filed in the California courts, was received, and filed as timely. Petitioner has proceeded timely through the state courts after receipt of his record from the habeas attorney, and after uncovering the new evidence on September 13, 2017(DNA analysis pointing to the guilt of the prosecutor's chief accuser of the petitioner). A short, delay is relevant if it is "[u]nexplained" or "unjustified," and if it "bears on the probable reliability of [the petitioner's] evidence." (Schulp v. Delo, 513 U.S. 298, 332.) Petitioner's alleged "delay" is explained and readily understandable. Petitioner's new evidence of innocence should be heard on the merits. "To pass through the Schlup gateway, a 'petitioner must show that it is more likely than not no reasonable juror would have convicted him in light of the new evidence.'" (Lee v. Lampert, 653 F. 3d 929, 938(9th Cir. 2011)(quoting Schlup, 513 U.S. at 327). The new DNA evidence undermines the prosecution's theory of the case presented to the jury, and on which the jury verdict of guilt rested. The court, at a minimum, should order additional briefing, where petitioner, if required, may explain more fully, the new evidence, and basis for any delay.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: Order an evidentiary hearing to inquire into the claim of suppression of exculpatory evidence; find that the prosecutor suppressed evidence; grant the petition and remand the case to the state court with directions

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on 01/22/2019 (month, date, year).

Executed (signed) on 01/22/2019 (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

David Zimmer AB9211
C6-17-4L
P.O. Box 2349
Blythe, Ca 92226

Clerk of the Court
United States District Court
Central District of California
312 N. Spring Street
Los Angeles, California 90012

Confidential legal mail